UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JOSE CASAS                                          :
                                                    :
      Petitioner,                                 :
                                                    :       10 CIV 4341 (HB)
      - against -                                :
                                                    :       **OPINION &**
UNITED STATES OF AMERICA                            :       **ORDER**
                                                    :
      Respondent.                                 :
------------------------------------------------------------------x

**Hon. Harold Baer, Jr., District Judge:**[*]

      Petitioner Jose Casas plead guilty and was convicted of a Hobbs Act robbery, pursuant to 18 U.S.C. § 1951, and possession of a handgun, pursuant to 18 U.S.C. § 924(c)(1)(A). He was sentenced to 240 months for the first count and 60 months for the second count, to run consecutively for a total of 300 months. Casas did not take a direct appeal.

      Petitioner, *pro se*, now moves for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255 to have this Court correct his sentence. He contends that, in light of *U.S. v. Whitley*, 529 F.3d 150 (2d Cir. 2008) and *U.S. v. Williams*, 558 F.3d 166 (2d Cir. 2009), the mandatory minimum sentence for possession of a handgun should not have been imposed because he was also subject to imprisonment for a Hobbs Act robbery. The Government objects, arguing that his claim is (1) untimely, (2) procedurally defaulted, and (3) without merit. For the reasons below, his petition is DENIED.

## I. BACKGROUND

      On August 27, 1999, Casas, with other members of the Restrepo Organization, robbed the American Sirloin Meat Company located in the Bronx, New York. Donald Pagani, an employee of the company and a retired police detective, was transporting cash from the company to deposit in a bank. The crew intercepted Pagani and robbed him. In the process, Pagani was shot and killed.

      Casas's role was to conduct surveillance and drive other participants both to and from the crime scene, with the knowledge that they were carrying firearms. On February 23, 2005, Casas

---

[*] Jordan Dascal, a second year law student at Cardozo law school and a Fall 2010 intern in my Chambers, provided substantial assistance in researching and drafting this Opinion.

plead guilty to Hobbs Act robbery, pursuant to 18 U.S.C. § 1951, and possession of a handgun, pursuant to 18 U.S.C. § 924(c)(1)(A).

## II. LEGAL STANDARD

28 U.S.C. § 2255 provides that to obtain relief, the defendant must show that the sentence: "(1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack." *Id.*; s*ee* 28 U.S.C. § 2255(b).

## III. DISCUSSION

**A.     Timeliness**

    **1.     Statute of Limitations**

The Government contends that the petition should be dismissed as untimely. Petitioner claims his application is timely under 28 U.S.C. § 2255(f)(4), which provides that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of— … (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."  Petitioner argues that he filed his petition within one year of discovering facts supporting his claim, i.e. the holdings in *Whitley* and *Williams*.

Petitioner's application is still untimely.  *Williams*, the later of the two cases, was decided on March 5, 2009. Petitioner's current petition was filed nearly a year and three months later on June 2, 2010, well outside the one year requirement of § 2255(f)(4). As such, his petition is untimely.

    **2.     Equitable Tolling**

Casas argues that this Court should nonetheless consider his current petition as timely because he had attempted to raise the same arguments in an earlier petition, but mistakenly filed pursuant to 28 U.S.C. § 2244 with the Second Circuit, seeking leave to submit a second or successive habeas petition. The petition was rejected as unnecessary because Petitioner had failed to file a first habeas petition.

Federal habeas petitions are subject to equitable tolling.  *Holland v. Florida*, 130 S. Ct. 2549, 2554 (2010). To have his delay excused, Petitioner bears the burden of demonstrating "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuelielmo*, 544 U.S. 408, 418 (2005). Petitioner fails to meet either criterion.

Petitioner was not diligent in filing his habeas petition. The Second Circuit dismissed his § 2244 petition on June 9, 2009. Petitioner waited until June 2, 2010 – almost a full year later – to properly re-file his petition with this Court. An unexplained delay of nearly a year, without further explanation by Petitioner, runs contrary to any notion that he was diligently pursuing habeas relief. Petitioner's assertion of diligence is particularly unpersuasive in light of the fact that he claims to have raised his current arguments in his § 2244 petition. If that was the case, his current § 2255 habeas petition should have even taken less time to prepare, as he already had the legal groundwork upon which he intended to appeal.

Furthermore, the Petitioner's mis-filing was hardly an extraordinary circumstance that would allow this filing. A procedural error due to a lack of diligence fails to constitute an extraordinary circumstance for the purposes of equitable tolling. *See e.g. Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (denying relief to a petitioner whose lawyer failed to meet a 30 day filing deadline which the lawyer's office received notice of, but which elapsed, while the lawyer was away from his office); *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148-49, 151 (1984) (denying relief to a *pro se* petitioner who missed a filing deadline because she mistakenly filed an EEOC right-to-sue letter with the court rather than a complaint in an attempt to begin a lawsuit); *South v. Saab Cars USA, Inc.*, 28 F.3d 9, 12 (2d. Cir. 1994) (denying relief to a petitioner whose attorney attempted to commence an action in federal court via inapplicable state court procedures).

**B.   Procedural Default**

The government further contends that the petition should be dismissed as procedurally defective. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Bousley v. U.S.*, 523 U.S. 614, 622 (1998) (internal quotation marks and citations omitted).

Petitioner agrees his claim is procedurally defective because he failed to take a direct appeal. While he does not claim actual innocence, he argues that he can demonstrate cause and prejudice, thus permitting this Court to hear his petition. He argues that the novelty of the legal claim provides an acceptable excuse.

*Bousley* acknowledged that novelty may provide an acceptable excuse for procedural default. *Id.* at 622. However, the *Bousley* Court rejected the contention that the petitioner's

3

argument there was novel because "at the time of petitioner's plea, the Federal Reporters were replete with cases involving [similar legal] challenges." *Id.* at 623.

Similarly, in this case, Petitioner's legal arguments are nothing new. Arguments have been made for the interpretation of § 924(c)(1)(A) adopted by the Second Circuit in *Whitley/Williams* going back to at least 2000, well before Petitioner's 2005 conviction. *See, e.g. United States v. Jolivette*, 257 F.3d 581, 586-87 (6th Cir. 2001); *United States v. Studifin*, 240 F.3d 415, 421, 423-24 (4th Cir. 2001); *United States v. Alaniz*, 235 F.3d 386, 386 (8th Cir. 2000). As such, Petitioner's argument was clearly available.

Though none of those courts adopted such an argument, that fact hardly makes Petitioner's novelty argument viable. *See Bousley*, 523 U.S. at 622. Since the arguments raised in *Whitley* and *Williams* were available to Petitioner but not raised on direct review, Petitioner's claim is procedurally defective.

### C. *Whitley/Williams* Claim

Petitioner claims his sentence was improperly aggregated under *Whitley/Williams*. Alternatively, Petitioner requests that I hold this matter in abeyance awaiting the Supreme Court's decision in *Abbot v. U.S.*, which addressed the same issue as *Whitley* and *Williams*. *See* 574 F.3d 203 (3d Cir. 2009), *cert. granted*, 130 S. Ct. 1284 (2010). *Abbot* was decided during the pendency of petitioner's appeal, and took a narrower approach that is ultimately unfavorable to Petitioner. *See Abbot v. U.S.*, 131 S. Ct. 18, 564 U.S. __, *slip op.* at 3 (2010) ("We hold . . . that a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction."). This renders Petitioner's arguments based on *Whitley* and *Williams* moot.

### IV. CONCLUSION

For the foregoing reasons, Casas's motion to correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Clerk of the Court is directed to close this matter and remove it from my docket.

SO ORDERED
December 29, 2010
New York, New York

Hon. Harold Baer, Jr.
U.S.D.J.

4